WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hartford Life and Accident Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Norma A. Gomez, individually and as a next of friend of M.G. (a minor) and C.G. (a minor); Lizeth Gomez,<br><br>Defendants. | No. CV-13-01144-PHX-BSB<br><br>**ORDER** |

In this interpleader action, Plaintiff Hartford Life and Accident Insurance Company (Plaintiff) requests the entry of default judgment against Defendant Lizeth Gomez pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 15.) For the reasons set forth below, the Court denies Plaintiff's request for default judgment without prejudice.

**I.     Background**

On June 6, 2013, Plaintiff filed the Complaint in interpleader pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, requesting that this Court determine the rightful beneficiary or beneficiaries of an insurance policy. (Doc. 1.) Plaintiff named as Defendants Norma Gomez, Lizeth Gomez, and minors M.G. and C.G. (Doc. 1.) Plaintiff asserts that it issued a group accidental death and dismemberment policy to decedent Saul Gomez's employer and that a $20,000 benefit is due and payable under this policy because of Mr. Gomez's death. (*Id.* at ¶¶ 8-9, and 13.) Plaintiff alleges that the Defendants, who are Mr. Gomez's surviving spouse and children, may have

adverse claims to the policy benefits because they assert that Defendant Norma Gomez is a suspect in the death of her husband, which the Maricopa County Sheriff's Office ruled a homicide. (*Id.* at ¶¶ 12, 15-18.)

The Complaint requests that the Court enter an order permitting Plaintiff to deposit the disputed policy benefit with the Clerk of Court, dismissing Plaintiff from the action with prejudice upon deposit of the policy benefit, discharging it from all liability as to the policy benefit, enjoining Defendants from commencing or prosecuting any other action regarding the policy benefit on the life of Mr. Gomez in any other federal or state court, and awarding Plaintiff its attorney's fees and costs incurred in this action. (Doc. 1 at 4-5.) Plaintiff further requests that the Court direct Defendants to interplead together concerning their adverse conflicting claims to the policy benefit.[1] (*Id.* at 4.)

On June 10, 2013, Plaintiff served the Complaint on Defendants Norma Gomez and Lizeth Gomez by United States mail. (Docs. 6 and 7.) Defendant Norma Gomez executed a waiver of service on July 8, 2013 (Doc. 6), and filed her Answer on July 30, 2013. (Doc. 8.) Defendant Lizeth Gomez executed a waiver of service, which Plaintiff received and filed on July 23, 2013. (Doc. 7.) Defendant Lizeth Gomez's Answer was due on August 9, 2013. (Doc. 12.) However, Defendant Lizeth Gomez failed to appear or otherwise respond to the Complaint and the Clerk of Court entered default against her on August 26, 2013. (Doc. 13) Plaintiff now moves for the entry of default judgment against Defendant Lizeth Gomez. (Doc. 15.)

**II. Discussion**

After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment.

---

[1] An interpleader action usually proceeds in two stages. At the first stage, the court determines whether the plaintiff has the right to compel the adverse claimants to litigate their claims in a single proceeding. During the second stage, the court adjudicates the defendants' claims to the interplead funds. *See Wells Fargo Bank v. Magellan Owners Assoc.*, 2010 WL 46794, at *2 (D. Ariz. Jan. 4, 2010) (discussing procedure for interpleader action).

Fed. R Civ. P. 55(b)(2). Here, the Clerk of Court has entered Lizeth Gomez's default. Thus, the Court may consider Plaintiff's request for default judgment against her.

As an initial matter, the Court notes that Plaintiff's motion for default judgment and its proposed form of judgment request the entry of "an order entering default judgment against defendant Lizeth Gomez," but do not specify any terms for the requested judgment. (Doc. 15, Ex. 1.) The Complaint seeks, among other relief, an order enjoining "the defendants from bringing any claim or action against [Plaintiff] relating to [the policy] benefit." (Doc. 1 at 2.) Thus, Plaintiff may seek a judgment enjoining Defendant Lizeth Gomez from initiating or prosecuting claims to the policy benefit in any other court. The Court, however, declines to speculate and cannot properly evaluate whether to enter default judgment without more information regarding the precise form of judgment Plaintiff seeks. Based on Plaintiff's lack of specificity, the Court denies the motion for default judgment without prejudice.

Additionally, as discussed below, Plaintiff's motion does not address the Court's subject matter jurisdiction over this case, personal jurisdiction over Lizeth Gomez, or the factors relevant to the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.     Standards for Entry of Default Judgment

Upon a party's default, the well pleaded factual allegations of the complaint, except those concerning damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977) (holding that at the default judgment stage, the factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties). Facts not contained in the pleadings and claims that are legally insufficient are not established by default. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978).

A defendant's default does not automatically entitle a plaintiff to a default judgment. Rather, whether to award a default judgment is within the court's discretion.

*Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment).  When deciding whether to grant default judgment, the court considers the following "*Eitel*" factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Additionally, before granting default judgment, the court must determine whether it has jurisdiction over the subject matter and the parties of the case.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (stating that "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

### B. Subject Matter Jurisdiction

A party may bring an interpleader action in federal court pursuant to Federal Rule of Civil Procedure 22 (rule interpleader), or pursuant 28 U.S.C. § 1335 (statutory interpleader).  The Complaint invokes both Rule 22 and § 1335.  (Doc. 1 at 1.)  Although Rule 22 and statutory interpleader may both be utilized in a single action, differences between the two types of interpleader may make one more desirable, or available, than the other.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357 (S.D. N.Y. 2006) (explaining the distinctions between the two types of interpleader).

Rule 22 provides that a plaintiff may file an interpleader action and that "[p]ersons with claims that may expose the plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).  Here, Plaintiff is an uninterested stakeholder and Defendants may have adverse claims to the policy benefit.  (Doc. 1 at 3.)  Because the unresolved, potentially conflicting claims as to the proper beneficiary of the policy benefits may expose the Plaintiff to duplicate liability, it appears

that this interpleader action is appropriate under Rule 22. *See Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) ("The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims").

Although an interpleader action may be brought pursuant to Rule 22, "[r]ule interpleader is merely a statutory device, and does not confer federal jurisdiction over a claim." *Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 582 (E.D.N.C. 2002); *see also Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir.1997) ("Rule 22(1) provides a procedural framework for interpleader actions, but it does not confer subject matter jurisdiction on federal courts."). Rather, a party seeking to bring a federal interpleader action under Rule 22 must establish statutory jurisdiction. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000).

In this case, the Complaint invokes the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(e), as grounds for this Court's jurisdiction. (Doc. 1 at 2.) ERISA permits fiduciaries and plan administrators to obtain equitable relief to enforce any provision of ERISA or the terms of an ERISA-governed plan. *See* 29 U.S.C. § 1132(a)(3). The Ninth Circuit has held that such "equitable relief" includes interpleader actions that seek to determine the rightful beneficiaries to the proceeds of an ERISA covered plan in the face of multiple conflicting claimants. *See Bayona*, 223 F.3d at 1033-34. A company that administers claims for an "employee welfare benefit plan and has authority to grant or deny the claims, [ ] is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." *Id*. Here, the Complaint alleges that the policy at issue is governed by ERISA. (Doc. 1 at 2.) Taking the allegations of the Complaint as true on default, under ERISA a cause of action exists and establishes subject matter jurisdiction, based on the existence of a federal question, over the rule interpleader action in this case.

Because the Complaint also invokes statutory interpleader under 28 U.S.C. § 1335, which authorizes different procedures and relief, the Court also considers jurisdiction under § 1335. Statutory interpleader, under § 1335, also provides original jurisdiction for interpleader actions. In a statutory interpleader action, there are three

1  prerequisites to a court's exercise of jurisdiction: (1) the party filing "any civil action of
2  interpleader or in the nature of interpleader [must have] in his or its custody or possession
3  money or property of the value of $500 or more," (2) "[t]wo or more adverse claimants,
4  of diverse citizenship . . . are claiming or may claim to be entitled to such money or
5  property," and (3) "the plaintiff has deposited such money or property . . into the
6  registry of the court."  28 U.S.C. § 1335(a).  If the jurisdictional requirements of 28
7  U.S.C. § 1335 are not met, the statutory remedies provided in 28 U.S.C § 2361 are
8  unavailable.[2]  *See* 28 U.S.C. § 2361; *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700,
9  705 (7th Cir.1991) (holding that § 2361 only applies to statutory interpleader under §
10 1335); *Herman Miller, Inc. Retirement Income Plan v. Magallon*, 2008 WL 2620748, at
11 *3 (E.D. Cal. Jul. 12, 2008) (citing *Corcoran*) (noting that § 2361 does not explicitly
12 apply to Rule 22 interpleader actions).

13  At this time, Plaintiff has not satisfied the jurisdictional prerequisites for statutory
14 interpleader under § 1335 because Plaintiff has not deposited the disputed funds (the
15 policy benefit) with the registry of the court.  *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*,
16 182 F.3d 210, 210 (3d Cir. 1999) ("A proper deposit or bond is a jurisdictional
17 prerequisite to bringing an interpleader [under § 1335]"); *Gaines v. Sunray Oil Co.*, 539
18 F. 2d. 1136, 1141 (8th Cir. 1976) ("The subject matter of an interpleader action is defined

---

[2] Section 2361 provides that:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

by the fund deposited by the stakeholder."). Although the Complaint requests an order allowing Plaintiff to deposit the disputed policy benefit with the Clerk of Court (Doc. 1 at 1), Plaintiff has not filed a motion for permission to deposit the disputed funds in the court's registry, as is customary in statutory interpleader cases.[3] *See Wells Fargo Bank, N.A. v. Magellan Owners Ass'n,* 2010 WL 46794, at *3 (D. Ariz. Jan. 4, 2010) (stating that a statutory interpleader action is commenced on the date when the disputed funds are deposited with the Clerk of Court and addressing plaintiff's "motion to deposit"); *New York Life Ins. Co v. Koscove*, 2007 WL 27500665, at *2 (D. Ariz. Sept. 19, 2007) (discussing procedure for depositing funds with the court's registry); *Protective Life Ins. Co. v. Mizioch*, 2011 WL 587963, at *2-5 (D. Ariz. Feb. 10, 2011) (discussing plaintiff's motion to deposit disputed funds with the court in an interpleader action). Because Plaintiff has not satisfied the prerequisites for statutory interpleader, the Court will consider Plaintiff's request for default judgment in relation to Rule 22 interpleader.

### C. Nature of Default Judgment Sought

Although the Court has jurisdiction over Plaintiff's rule interpleader action, Plaintiff does not specify the nature of the judgment it seeks. Considering the relief Plaintiff requests in the Complaint, it is plausible that Plaintiff may be seeking a default judgment enjoining Defendant Lizeth Gomez from bringing any claim or action against it related to the policy benefit at issue. (Doc. 1 at 2.); *see Mizioch*, 2011 WL 587963, at * 2 (entering default judgment in an interpleader action).

---

[3] "Pursuant to Federal Rule of Civil Procedure 22, [the Complaint requests] that this Court enter an order permitting [Plaintiff] to deposit the [policy] benefit with the Clerk of Court[.]" (Doc. 1 at 4.) Although Rule 22 does not require that the stakeholder deposit the disputed funds with the court, payment to the court occurs in many cases. Rule 67 is often the mechanism cited for payment of the disputed funds into the court in Rule 22 cases. *See Metro. Life Ins. Co. v. Probst*, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) (deposit of the disputed funds with the court is not required under Rule 22); *Southtrust Bank of Fla, N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (using Rule 67 in a Rule 22 interpleader case).

- 7 -

1	Unlike statutory interpleader, rule interpleader under Rule 22 does not authorize courts to enjoin litigants from pursuing further claims in state or federal court regarding the funds at issue.[4]  *See* Fed. R. Civ. P. 65(e) (stating that "these rules do not modify . . . 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader on in the nature of interpleader").  Nonetheless, courts in Rule 22 proceedings may enjoin further legal actions under equitable principles.  *See Bayona*, 223 F.3d at 1033-34 (9th Cir. 2000) (noting that interpleader developed in equity and is governed by equitable principles).

Courts have used the All Writs Statute, 28 U.S.C. § 1651, to enjoin defendants in a Rule 22 interpleader action from bringing future proceedings regarding the same claim in federal court.  *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998) ("Under the All Writs Statute, a federal court has the power to enjoin a party before it from attempting to relitigate the same issues or related issues precluded by principles of *res judicata* and collateral estoppel in another federal court.  Accordingly, a federal court in a Rule 22 interpleader proceeding may issue an injunction to restrain the parties from pursuing such issues in another federal court.").  Courts have further held that injunctions issued under "the All Writs Statute may be used to enjoin parties from relitigating the same issues or claims before state courts."  *See Trustees of the ILWU-PMA Pension Plan v. Coates*, 2013 WL 556800, at *7-8 (N.D. Cal. Feb. 12, 2013) (granting the plaintiff's request for a default judgment in a Rule 22 interpleader action and enjoining defendant from initiating any further legal action concerning her entitlement to benefits).

In a rule interpleader, the party seeking the injunction under the All Writs Statute, must prove that it would otherwise suffer serious and irreparable harm.  *Trustees of IL*

---

[4] Title 28 U.S.C. § 2361 applies to statutory interpleader actions brought under 28 U.S.C. § 1335.  *See Metro. Life Ins. Co. v. Probst*, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) (stating that § 2361 only applies to statutory interpleader actions and considering plaintiff's request for an restraining order by looking to the standards of 28 U.S.C. § 2283 and Rule 65).

*WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d at 1145 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). "This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Peters*, 660 F. Supp. 2d at 1145 (citing *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir.1990)) (entering default judgment enjoining defaulted parties from initiating any federal or state action asserting an entitlement to pension benefits at issue when court had already determined who was entitled to the pension benefits).

Here, Plaintiff's motion for default judgment does not request injunctive relief or any other particular form of judgment. Furthermore, Plaintiff has not made any arguments in support of a request for default judgment in the form of injunctive relief. Accordingly, even assuming that Plaintiff requests an injunction, it has not made the necessary showing. *See Peters*, 660 F. Supp. 2d at 1145 (stating that party seeking injunctive relief must show serious and irreparable harm if an injunction does not issue).

Additionally, Plaintiff's motion does not address whether injunctive relief in a Rule 22 interpleader action requires deposit of the disputed funds or a bond with the registry of the court. Although deposit of the disputed funds in the court's registry is not a jurisdictional requirement to Rule 22 interpleader, several cases suggest that the disputed funds should be deposited before the court awards injunctive relief. *See Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, (9th Cir. 1982) (deposit of disputed funds is not a jurisdictional requirement to a Rule 22 interpleader action); *Primerica Life Ins. Co. v. Grim*, 2009 WL 3297481, at *3-4 (W.D. Wash. Oct. 13, 2009) (on consideration of plaintiff's motion for summary judgment, the court found that joinder of claimants was appropriate under Rule 22 and that, upon deposit of the insurance policy funds at issue into the court's registry, the claimants would "be enjoined from pursuing any further claims regarding the policy proceeds against [plaintiff] or its agents"); *Herman Miller*, 2008 WL 2620748, at *3 (denying request to enjoin defendants from instituting or prosecuting any proceeding affecting the property involved in the Rule 22

interpleader action because neither the fund nor a bond had been deposited with the court).

### III.  Conclusion

After consideration of this matter, the Court denies Plaintiff's motion for entry of default judgment against Defendant Lizeth Gomez without prejudice. Plaintiff has not articulated with sufficient detail the nature of the judgment it seeks and has not provided factual or legal support for the entry of any particular form of judgment, such as injunctive relief. *See Probst*, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) (discussing different standards for entering injunctive relief in statutory and rule interpleader actions and denying injunctive relief in Rule 22 interpleader action).

Additionally, to the extent that Plaintiff may seek default judgment in the form of injunctive relief related to its assertion of a statutory interpleader action under 28 U.S.C. § 1335, the Court currently lacks jurisdiction to enter such relief because the disputed funds have not been deposited with the Clerk of Court. *See* 28 U.S.C. § 1335; *Wells Fargo Bank*, 2010 WL 46794, at *3-4 (stating that a statutory interpleader action is "commenced" on the date the disputed funds are deposited with the Clerk of Court, granting plaintiff's motion to deposit funds, and stating that the court will assume jurisdiction over the interpleader action once Plaintiff appropriately deposits the disputed funds with the Clerk of Court). To the extent that Plaintiff seeks injunctive relief in a Rule 22 interpleader action, it has not made the necessary showing for the entry of such relief.

This Order does not preclude Plaintiff from again moving for default judgment against Defendant Lizeth Gomez. However, any motion for default judgment must discuss the factual and legal basis for this Court's subject matter jurisdiction and personal jurisdiction over Defendant Lizeth Gomez, specifically describe the judgment that Plaintiff seeks against Defendant Lizeth Gomez, cite the legal authority and factual basis for the form of judgment requested, and discuss the *Eitel* factors as they pertain to Plaintiff's request for default judgment against Defendant Lizeth Gomez.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for the entry of default judgment against Defendant Lizeth Gomez (Doc. 15) is **DENIED** without prejudice.

Dated this 24th day of September, 2013.

_____
Bridget S. Bade
United States Magistrate Judge