IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hartford Life and Accident Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Norma A. Gomez, individually and as a next of friend of M.G. (a minor) and C.G. (a minor); Lizeth Gomez,<br><br>Defendants. | No. CV-13-01144-PHX-BSB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Hartford Life and Accident Insurance Company (Plaintiff or Hartford) has filed an amended renewed motion for default judgment against Defendant Lizeth Gomez.[1] (Doc. 27.) This case concerns a dispute over the proceeds of a $20,000.00 accidental death and dismemberment policy. Hartford properly served Lizeth Gomez. Lizeth Gomez executed a Wavier of Service and Hartford filed a Notice of Waiver of Service on July 23, 2013. (Doc. 7.) Lizeth Gomez's answer was due on August 9, 2013. Based on Lizeth Gomez's failure to appear or otherwise respond to the Complaint, the Clerk of Court entered default against her on August 26, 2013. (Doc. 13.)

On August 28, 2013, Hartford moved for default judgment against Lizeth Gomez pursuant to Federal Rule of Civil Procedure 55(b). The Court denied that motion without

---

[1] Plaintiff filed a renewed motion for default judgment on November 1, 2013 (Doc. 25) and filed the pending amended motion to correct a technical defect in the November 1, 2013 filing. (*See* Doc. 26.)

1  prejudice. (Doc. 16.) Thereafter, Hartford deposited with the Clerk of Court the
2  insurance proceeds in the amount of $20,000.00 and filed an amended renewed motion
3  for default judgment. (Docs. 22, 24, 27.) As set forth below, the Court recommends that
4  Hartford's request for default judgment be granted.[2]

**I.  Factual and Procedural Background**

On June 3, 2007, Saul E. Gomez (Mr. Gomez) died. He was survived by his wife, Norma Gomez, his adult daughter, Lizeth Gomez, and minor children M.G and C.G. (Doc. 1 at 2-3.) Mr. Gomez was an employee of Einstein Moomjy, a rug and furniture dealer, and had coverage under a group accidental death and dismemberment (AD&D) policy, Policy No. GL-680054 (the Policy), that Hartford issued to Einstein Moomjy. The Policy is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 - § 1461. Mr. Gomez had $20,000.00 in AD&D coverage under the Policy. Mr. Gomez designated his spouse, Norma Gomez, as the sole beneficiary under the Policy. (Doc. 1 at 3.)

The Policy provides that if no named beneficiary survives the insured, benefits will be paid to surviving relatives in the following order: (1) the surviving spouse; (2) surviving children, in equal shares; or (3) surviving parents, in equal shares. (Doc. 1 at 3.) On July 3, 2007, Mr. Gomez was found dead. The Maricopa County Sherriff's Office investigated and ruled Mr. Gomez's death a homicide. (*Id.*)

Mr. Gomez's death caused AD&D benefits to be due and payable under the Policy. The investigation of Mr. Gomez's death is ongoing. Hartford asserts that Norma Gomez is considered a suspect in Mr. Gomez's death, although she has not been charged with any crimes. If Norma Gomez were responsible for Mr. Gomez's death, then she could be disqualified from receiving the AD&D benefit. If Norma Gomez were

---

[2] Because Defendant Lizeth Gomez has not appeared or consented to Magistrate Judge jurisdiction, the Court proceeds by a Report and Recommendation to the Honorable Stephen M. McNamee. *See* General Order 11-03.

precluded from receiving the AD&D benefit, Defendants M.G., C.G., and Lizeth Gomez, Mr. Gomez's surviving children, would be entitled to an equal distribution of the AD&D benefit. (Doc. 1 at 3.)

Hartford states it is ready to pay the $20,000.00 AD&D benefit. (Doc. 1.) However, Hartford asserts that because of the circumstances of the homicide investigation and the potential for conflicting claims, it filed a Complaint in interpleader pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22 requesting that this Court determine the rightful beneficiary or beneficiaries of the Policy. (Doc. 1.) The Complaint also requests that the Court dismiss Hartford from the action, discharge it from all liability as to the AD&D benefit, and enjoin Defendants from commencing or prosecuting any other action regarding the AD&D benefit on the life of Mr. Gomez in any other federal or state court. Hartford further requests that the Court direct Defendants to interplead together concerning their adverse conflicting claims to the AD&D benefit. (Doc. 1 at 4.)

Lizeth Gomez executed a waiver of service on July 23, 2013. After she failed to answer or otherwise appear, the Clerk of Court entered her default. (Doc. 13.) Hartford now seeks default judgment against Lizeth Gomez. Specifically, Hartford seeks a judgment permanently enjoining Lizeth Gomez, her attorney, and her agents from initiating any proceedings against Hartford in connection with the AD&D benefit at issue in this interpleader action. For the reasons set forth below, the Court recommends that Hartford's motion for default judgment as to Lizeth Gomez be granted.

**II.     Subject Matter and Personal Jurisdiction**

**A.     Subject Matter Jurisdiction**

Before considering the merits of Hartford's motion for default judgment, the Court considers whether it has subjection matter jurisdiction over this matter and personal jurisdiction over Lizeth Gomez. The Court considers its subject matter jurisdiction over this statutory interpleader action under 28 U.S.C. § 1335 and concludes that it has original subject matter jurisdiction over this matter for the following reasons. First,

Hartford commenced this civil action because it has possession of money with a value of more than $500.00, the AD&D benefit of $20,000.00. *See* 28 U.S.C. § 1335(a). Second, at least two of the adverse claimants have diverse citizenship. *See* 28 U.S.C. § 1335(a)(1). Norma Gomez and minors M.G. and C.G. are Arizona citizens, and Lizeth Gomez is a California citizen. *See Blackmon Auctions*, *Inc. v. Van Buren Truck Ctr., Inc.*, 901 F. Supp. 287, 289 (W.D. Ark. 1995) ("The Federal Interpleader Act provides an independent basis for federal jurisdiction when there is minimal diversity between the claimants, *i.e.*, when at least two of the claimants are citizens of different states."). Third, Hartford deposited the insurance proceeds at issue into the registry of the Court on October 25, 2013. (Doc. 24.) *See* 28 U.S.C. § 1335(a)(2). Therefore, the Court concludes that Hartford has satisfied the requirements of 28 U.S.C. § 1335.

### B. Personal Jurisdiction

The Court also considers whether it has personal jurisdiction over Lizeth Gomez. Pursuant to 28 U.S.C. § 2361, the nationwide service of process provision, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants." *See Metro. Life Ins. Co. v. Probst*, 2009 WL 3740775, at *1-2 (D. Ariz. Nov. 6, 2009) (acknowledging that section 2361, the nationwide service of process statute, applies to statutory interpleader actions); *Valley Forge Life Ins. Co. v. Rockmore*, 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008) ("Personal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361."). Therefore, the Court also concludes that it has personal jurisdiction over Defendant Lizeth Gomez.

### III. Standards for the Entry of Default Judgment

#### A. Federal Rule of Civil Procedure 55

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." In general, after properly effecting service of process in an interpleader action, "[a] named interpleader

1 defendant who fails to answer the interpleader complaint and assert a claim to the res
2 forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of*
3 *Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006); *see also Wells Fargo*
4 *Bank, Nat. Ass'n v Magellan Owners Ass'n*, 2010 WL 3789327, at *4 (D. Ariz. Sept. 22,
5 2010) (noting general rule that "where a stakeholder is served with process but then fails
6 to appear and make a claim to the interpleaded funds, the stakeholder waives his rights to
7 the funds making them available for equitable redistribution to the other stakeholders").
8 After a default has been entered and the defendant fails to appear or move to set aside the
9 default, the court may, on the plaintiff's motion, enter a default judgment. Fed.
10 R. Civ. P. 55(b)(2). Here, the Clerk of Court has entered Lizeth Gomez's default. Thus,
11 the Court may consider Hartford's request for default judgment against her.

12     **B.**     **The *Eitel* Factors**

13     Granting default judgment is within the court's discretion. *See Aldabe v. Aldabe*,
14 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive
15 claims, the court did not abuse its discretion in declining to enter a default judgment).
16 When deciding whether to grant default judgment, the court considers the following
17 "*Eitel*" factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the
18 plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at
19 stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether
20 the default was due to excusable neglect; and (7) the strong policy underlying the Federal
21 Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d
22 1470, 1471–72 (9th Cir. 1986). Applying the *Eitel* factors, the Court finds that the
23 factors weigh in favor of granting Hartford's motion for default judgment against Lizeth
24 Gomez.

25     **1.**     **Prejudice to Plaintiff**

26     In view of Lizeth Gomez's default, Harford has no alternative means by which to
27 resolve her potential claim to the AD&D benefit. *See Pepsico, Inc. v. Cal. Sec. Cans*,
28 238 F. Supp. 2d at 1172, 1177 (C.D. Cal. 2002). Therefore, Hartford would be

1  prejudiced if a default judgment is not entered and the first *Eitel* factor weighs in favor of
2  the entry of default judgment.

### 2.  Merits of Plaintiff's Claims and the Sufficiency of the Complaint

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Hartford's substantive claims and the sufficiency of the Complaint together. The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *PepsiCo, Inc*., 238 F. Supp. 2d at 1175 (citation omitted).

An interpleader action serves two purposes: (1) protecting the stakeholder from problems caused by multiple claimants to a single fund; and (2) limiting litigation expenses. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Here, Hartford faces the risk of exposure to multiple liability and has averred that it is a disinterested party with no claim to the insurance proceeds. Because multiple parties could be entitled to the insurance proceeds that are due as a result of Mr. Gomez's death, Hartford cannot distribute the proceeds without exposing itself to liability or litigation. Exposure to multiple claims for the proceeds of any ERISA benefit plan is a type of action for which interpleader is appropriate. *See Trs of the Dirs. Guild of America-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). Thus, Hartford properly stated a claim for interpleader, and its actions properly protect the claims of the remaining Defendants. Further, there are no policy considerations that preclude the entry of default judgment against Lizeth Gomez under the circumstances in this case. *See Eitel*, 782 F.2d at 1471-72. Accordingly, these factors weigh in favor of the entry of default judgment.

### 3.  Sum of Money at Stake

The fourth *Eitel* factor, the sum of money at stake, weighs neither in favor nor against the entry of default judgment. In interpleader actions, the sum of money at stake is not dispositive, even if it is substantial, because the interpleading party is not asserting an interest in the interpleaded funds nor are they seeking damages. *See Transamerica*

*Life Ins. Co. v. Estate of Ward*, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (sum of money at stake in interpleader action was a neutral *Eitel* factor). Here, Hartford does not assert a claim to the funds, but is attempting to distribute the funds to the party entitled to the AD&D benefit. Thus, this factor is neutral.

### 4. Possibility of Dispute Concerning Material Facts

Here, there is little possibility of a dispute concerning the material facts as to Lizeth Gomez. Lizeth Gomez has not made any effort to challenge the Complaint or otherwise appear in this case. Thus, the fifth *Eitel* factor weights in favor of the entry of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. There is no evidence that Lizeth Gomez's failure to appear or otherwise defend was the result of excusable neglect. Rather, the record reflects that she failed to appear after executing a waiver of service of the Complaint. Additionally, Hartford's counsel states that she spoke with Lizeth Gomez who indicated that she does not want to be involved in this litigation.[3] (Doc. 27 at 6.) Thus, the sixth *Eitel* factor weighs in favor of default judgment.

### 6. Policy Disfavoring Default Judgment

Under the seventh *Eitel* factor, the Court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b), however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177. Because Lizeth Gomez has neither appeared nor responded in this action, deciding this case on the merits is "impractical," if not impossible. *Id.* Thus, the seventh *Eitel* factor weighs in favor of default judgment.

///

///

---

[3] Lizeth Gomez was served with the amended renewed motion for default judgment and has not responded.

- 7 -

### IV. Conclusion

Because the Court has subjection matter jurisdiction over this action, personal jurisdiction over Lizeth Gomez, and the application of the *Eitel* factors weighs in favor of the entry of default judgment, the Court should exercise its discretion to grant Hartford's motion for default judgment against Lizeth Gomez. *See Aldabe*, 616 F.2d at 1092; *Protective Ins. Co. v. Mizioch*, 2011 WL 587963, at * 2 (D. Ariz. Feb. 10, 2011) (entering default judgment in interpleader action).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Hartford Life and Accident Insurance Company's Amended Renewed Motion for Default Judgment against Defendant Lizeth Gomez (Doc. 27) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court direct the Clerk of Court to enter judgment permanently enjoining Lizeth Gomez, her attorneys, and her agents from initiating any proceedings against Hartford in connection with the accidental death and dismemberment benefit at issue in this interpleader action.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to respond to the objections. Failure to file timely objections to the Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See* Fed. R. Civ. P. 72.

1   **IT IS ORDERED** that the Clerk of Court shall mail a copy of this Report and
2   Recommendation to Lizeth Gomez at 111718 Cohasset Street, Apartment 4, North
3   Hollywood, CA 91605.  (*See* Doc. 27 at 7.)
4   Dated this 25th day of November, 2013.

Bridget S. Bade
United States Magistrate Judge